IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Damorius D. Gaines, #346524, | ) | |
| a/k/a Damorius Dontavis Gaines, | ) | |
| a/k/a Damorius Dontavious Gaines, | ) | C/A No. 8:22-cv-00238-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Geoffrey Benedict Eaton, Craig A. Gardner, | ) | |
| Catherine T. Huey, Stan Overby, Hadden Lucas, | ) | |
| Cordell Maddox, Jr., William Blitch, Jr., | ) | |
| Alan Wilson, Ben Aplin, Chad McBride, | ) | |
| Lillian L. Meadows, Lara M. Caudy, | ) | |
| Don A. Thompson, Camille Henry, | ) | |
| and Letitia Verdin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Damorius D. Gaines ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Thomas E. Rogers, III for initial review pursuant to 28 U.S.C. § 1915. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation for summary dismissal of the amended complaint.

Plaintiff names as Defendants certain individuals who were involved in his criminal prosecution and appeal of judgment.[1] He does not identify what federal law or constitutional

---

[1] As the Magistrate Judge notes, Plaintiff's pleading and supporting attachments along with public records show that Plaintiff was arrested pursuant to a warrant, indicted, and ultimately convicted by a jury for kidnapping, attempted armed robbery, armed robbery, and a weapons

right Defendants purportedly violated and instead states general references to the "privileges and immunity clause" and to a certain "absolute right, civil right, constitutional right, economical right, real right, inalienable right, minority right, natural right, patent right, and vested right." ECF No. 9 at 8. Plaintiff alleges injuries such as "advertising injury," "name copyright trade mark inbridged," "antitrust injury," bodily injury, civil injury, competitive injury, direct injury, economic injury, legal injury, personal injury, and malicious injury, and requests injunctive relief, declaratory relief, extraordinary relief, special relief, alternative relief, and coercive relief. ECF No. 9 at 16-18.

The Magistrate Judge reviewed Plaintiff's original complaint pursuant to § 1915 and in a detailed order notified Plaintiff that sections of the pleading were subject to summary dismissal for failure to state a claim. ECF No. 6. The Magistrate Judge granted Plaintiff an opportunity to cure the deficiencies and Plaintiff filed an amended complaint on February 17, 2022. ECF No. 9.

On March 2, 2022, the Magistrate Judge issued a Report and Recommendation in which he construed certain allegations as raising claims for malicious prosecution and other allegations as raising claims for false arrest in violation of Plaintiff's Fourth and Fourteenth Amendment rights.[2] ECF No. 14. The Magistrate Judge determined that Plaintiff's claims for malicious prosecution are subject to summary dismissal without prejudice and that any remaining claims, including claims for false arrest, are subject to summary dismissal with prejudice.

As the Magistrate Judge notes, none of the named Defendants is a member of staff at Plaintiff's correctional institution. Three of the Defendants in this action, Geoffrey Benedict

---

offense in September 2018 in Anderson County for crimes committed in early 2017. Plaintiff's petition for post conviction relief remains pending in state court.

[2] The court adopts the Magistrate Judge's thorough summary of the applicable legal standards herein without recitation.

2

Eaton, Cordell Maddox, Jr. and Letitia Verdin are state court judges whom the Magistrate Judge finds are entitled to absolute judicial immunity. ECF No. 14 at 4 (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding that judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (explaining that immunity from suit is a threshold question). *See* ECF No. 9 at 5-6. All but two of the remaining Defendants are state solicitors or attorneys otherwise involved in Plaintiff's prosecution and his subsequent appeals. *See* ECF No. 9 at 5-7. The Magistrate Judge finds that the state solicitors are entitled to absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 5 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). The Magistrate Judge finds that the attorney Defendants who are not state solicitors are rather individuals who represented Plaintiff at various points during his criminal proceedings and in such capacity did not act under color of state law so as to be subject to liability under § 1983. *Id. See* ECF No. 9 at 5-7.

As to the remaining Defendants, Craig A. Gardner and Chad McBride, the Magistrate Judge notes that Defendant Gardner is a detective and Defendant McBride is a sheriff. ECF No. 14 at 6. *See* ECF No. 9 at 2, 7. In observing that a malicious prosecution claim requires at a minimum a showing that "defendant[s] have seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor," the Magistrate Judge finds that Plaintiff does not show or allege that the charges connected to his allegations have been favorably terminated. ECF No. 14 at 6 (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (internal citations and quotations omitted)). *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994). With respect to the false arrest

claim, the Magistrate Judge explains that under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." ECF No. 14 at 7 (quoting *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Dorn v. Town of Prosperity*, 375 Fed. Appx. 284, 286 (4th Cir. 2010)). As the Magistrate Judge finds, the indictments Plaintiff submits as part of the record reflect that he was arrested pursuant to a facially valid warrant. *See* ECF No. 9-1. The Magistrate Judge also finds that any claim for false arrest based on the events Plaintiff described, which occurred in 2017 and 2018, is barred by the applicable statute of limitations. ECF No. 14 at 7 (citing S.C. Code Ann. § 15-3-530) (setting forth a three-year statute of limitations for claims of false arrest); *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (instructing that statute of limitations for false arrest claims is not tolled during the pendency of the criminal proceedings). For these reasons, the Magistrate Judge recommends the court dismiss Plaintiff's claims as to malicious prosecution without prejudice and dismiss any remaining claims, including for false arrest, with prejudice and without issuance and service of process.

Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation. ECF No. 14 at 9. To date, Plaintiff has not filed an objection to the Report and Recommendation and the deadline for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only

4

"general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 14, is incorporated herein by reference. The claims for malicious prosecution are summarily dismissed without prejudice, the claims for false imprisonment are summarily dismissed with prejudice, and any other claim Plaintiff intended to raise against these Defendants is dismissed without prejudice.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

May 12, 2022
Charleston, South Carolina